Lubrano v. United States

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of January, two thousand twelve.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
                RICHARD C. WESLEY,
                SUSAN L. CARNEY,
                              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

**THOMAS A. LUBRANO,**
        <u>Appellant</u>,

        **-v.-**                                        **10-5012**

**UNITED STATES OF AMERICA, <u>et</u> <u>al.</u>,**
        <u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - -X


**FOR APPELLANT:**                Thomas A. Lubrano, <u>pro</u> <u>se</u>,
                                Shirley, New York.

1

**FOR APPELLEES:** Varuni Nelson, Margaret M. Kolbe, Assistant United States Attorneys, <u>for</u> Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Spatt, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Thomas Lubrano, <u>pro se</u>, appeals from the November 18, 2010 judgment of the United States District Court for the Eastern District of New York granting the defendants' motion to dismiss. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This Court reviews <u>de novo</u> a district court decision dismissing a complaint pursuant to Rule 12(b)(1) or (6). <u>See</u> <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006) (Rule 12(b)(1)); <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152 (2d Cir. 2002) (Rule 12(b)(6)). In each instance, this Court "constru[es] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." <u>Chambers</u>, 282 F.3d at 152; <u>see also</u> <u>Triestman</u>, 470 F.3d at 474. Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000). In evaluating a complaint pursuant to Rule 12(b)(6), the Court must determine if the complaint pleads "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

After having reviewed Lubrano's contentions on appeal and the record of proceedings below, we affirm for substantially the same reasons stated by the district court in its thorough opinion.

We have considered all of the appellant's arguments and find them without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

                                FOR THE COURT:
                                CATHERINE O'HAGAN WOLFE, CLERK